UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Robert Harvie Payne,

           Plaintiff,

vs.

M. Lucas; and Chas. Co.,

           Defendants.

C/A No.: 6:12-1904-DCN-KFM

**Report and Recommendation**

Plaintiff, Robert Harvie Payne, proceeding *pro se*, files this action pursuant to 42 U.S.C. § 1983. Plaintiff is a pre-trial detainee at the Charleston County Detention Center (CCDC) and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

Plaintiff files this civil rights action seeking, in part, a vegan diet for religious reasons claiming he is a "certified strict vegan health minister." This is not the first time Plaintiff has raised the issue pertaining to his diet. In Civil Action No.: 6:12-0005-DCN-KFM, the Plaintiff alleged he was an ordained practicing total vegetarian vegan minister. A Report and Recommendation was issued, recommending dismissal with prejudice because the complaint was frivolous. In that matter, it was noted that Plaintiff had raised this same issue in two other cases: Civil Action No.: 6:11-2011-DCN-KFN (11-2011) and Civil Action No.: 6:12-137-DCN-KFM (12-137). Civil Action No. 12-137 was recommended for dismissal because it was duplicative of Civil Action No.11-2011; however, in Civil Action No. 11-2011, the Plaintiff had a full opportunity to litigate whether he was constitutionally entitled to a vegan diet. A Court may take judicial notice of its own books and records. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'")

Plaintiff also asks for a particular Catholic priest, Father Ed Lofton, to minister to him and others and asks that Father Lofton be added to his visitors list. Plaintiff alleges his request for vegan meals and his request for Father Lofton to minister and to be added to

his visitor's list have both been denied. Plaintiff seeks injunctive relief, money damages, a jury trial, costs and fees, and other relief as the court sees fit, just, and proper.

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Pretrial detainees and other persons who have been involuntarily committed "are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." *Youngberg v. Romeo*, 457 U.S. 307, 321-22, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). However, government officials may still place certain restrictions on the rights of pretrial detainees because they have legitimate interests in managing the facility where an individual is detained. As long as these

measures are reasonably related to the effective management of the confinement facility, they are not considered punishment for a crime the detainee is suspected of committing. *Rapier v. Harris*, 172 F.3d 999, 1002-03 (7th Cir.1999).

In determining whether a particular measure is reasonably related to the function of pretrial confinement, courts are required to give deference to the professional expertise of the corrections officials. Unless substantial evidence exists in the record showing the officials have exaggerated their response in considering the management of the confinement facility, courts should defer to the confinement officials' expert judgments. *Rapier*, 172 F.3d at 1003.

Pretrial detainees do not lose their first amendment rights to freely exercise religion just because they are incarcerated. *See Al- Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir.1991). However, a detainee's free exercise of his "religious beliefs does not depend upon his ability to pursue each and every aspect of his religion." *Canedy v. Boardman*, 91 F.3d 30, 33 (7th Cir.1996). For example, prisoners are not entitled to have the clergyman of their choice provided for them in correctional facilities. *Reimers v. Oregon*, 863 F.2d 630, 631–32 (9th Cir.1988) (citations omitted). Nor does the Constitution require that all prisoners be provided exactly the same religious facilities or personnel. *Allen v. Toombs*, 827 F.2d 563, 569 (9th Cir.1987). Thus, in the instant case, although the Plaintiff wishes to have Father Lofton minister to him and others and asks that he be added to his visitors list, Plaintiff does not have a Constitutional right to such relief.

As for Plaintiff's request that he be provided with a vegan diet, this is the fourth time Plaintiff has raised this issue in this Court. The above-captioned case is subject to summary dismissal for the same reasons the complaint filed in Civil Action Nos. 12-137 and 12-0005 were subject to summary dismissal. *See Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), where the United States Court of Appeals for the Fifth Circuit commented:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d at 1296.

## **RECOMMENDATION**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.

s/ Kevin F. McDonald<br>
United States Magistrate Judge

July 19, 2012
Greenville, South Carolina

***The Plaintiff's attention is directed to the important NOTICE on the next page***.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Room 239
300 East Washington St.
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).