**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| ROBERT HARVIE PAYNE, | ) | |
| | ) | No. 6:12-cv-01904-DCN-KFM |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| M. LUCAS and CHARLESTON COUNTY, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on a Report and Recommendation (R&R) of the

magistrate judge that the court dismiss without prejudice plaintiff Robert Payne's petition

for damages and injunctive relief pursuant to 42 U.S.C. § 1983. For the reasons set forth

below, the court adopts in part the R&R and remands for further proceedings.

## I.  BACKGROUND

Payne, appearing pro se, filed this civil rights action on July 5, 2012.[1] Payne is a

pretrial detainee at the Charleston County Detention Center and brings his action in

forma pauperis under 28 U.S.C. § 1915, which permits an indigent litigant to commence

an action in federal court without prepaying the administrative costs of the lawsuit. To

protect against possible abuses of this privilege, the statute allows a district court to

dismiss the case upon a finding that the action "fails to state a claim on which relief may

be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding

of frivolity can be made where the complaint "lacks an arguable basis either in law or in

fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992). When a claim is found to be based

---

[1] The date of filing is the date a pleading is delivered to prison authorities for mailing. See
Houston v. Lack, 487 U.S. 266, 276 (1988).

1

on a meritless legal theory, it may be dismissed sua sponte.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989).

Payne alleges two violations of his constitutional rights.  First, he alleges he is a practicing and "certified strict vegan health minister" and that defendants refuse him the opportunity to "associate with other vegans, hold vegan religious services and minister to other vegans" (Payne's "religious practice claim").  Pl.'s Compl. 2.  Payne also alleges defendants refuse to allow a particular Catholic priest, Father Ed Lofton, to be added to his visitor list and minister to him and others in the jail (Payne's "choice of clergy claim").  Payne alleges that defendant's actions in these respects violate his constitutional rights, and he seeks injunctive relief, money damages, a jury trial, and other relief as the court sees fit, just, and proper.  <u>Id.</u> at 4.

Magistrate Judge Kevin F. McDonald reviewed plaintiff's claims pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, and issued an R&R on July 19, 2012, recommending both claims be dismissed without prejudice.  Payne filed an objection to the R&R on July 30, 2012, conceding the magistrate judge's recommended dismissal of the choice of clergy claim but arguing the R&R erroneously describes the nature of his religious practice claim.  Pl.'s Obj. 1.

## II.  DISCUSSION

Payne's objects to the R&R on the basis that the magistrate judge misinterpreted the nature of his religious practice claim.  <u>Id.</u>  In his complaint, he alleges that defendants refuse to allow him to "associate with other vegans, hold vegan religious services, and minister to other vegans" in violation of his constitutionally protected right to religious freedom.  Pl.'s Compl. 2.  In contrast, the R&R characterizes Payne's allegations as a

claim for a "vegan diet," R&R 1, and a "request that he be provided with a vegan diet." Id. at 3. The R&R notes Payne's previous attempts to litigate on these grounds stating, "this is the fourth time Plaintiff has raised this issue in this Court." Id. at 1, 3.

Here, Payne does not allege that defendants refuse to provide him with a vegan diet. Rather, he alleges his vegan beliefs, including his desire to minister to and hold services for other detained vegans, are entitled to protection under the Constitution as a religious practice, and that defendants have infringed upon his ability to practice these beliefs. Pl.'s Compl. 3. The R&R does not discuss these aspects of Payne's claim. Accordingly, the court remands this case to the magistrate judge to determine whether Payne's religious practice claim survives review under 28 U.S.C. § 1915.

### III.   CONCLUSION

Based on the foregoing, the court **ADOPTS IN PART** the R&R and **REMANDS** to the magistrate judge for further proceedings.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**October 11, 2012**
**Charleston, South Carolina**