IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Robert Harvie Payne,<br><br>                  Plaintiff,<br><br>vs.<br><br>M. Lucas and Chas. Co.,<br><br>                  Defendants. | Civil Action No. 6:12-1904-DCN-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

       This matter is before the court on the defendants' motion to dismiss (doc. 24). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983.

       The defendants filed a motion to dismiss on November 28, 2012. On November 29, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the motion to dismiss procedure and the possible consequences if he failed to respond adequately. The plaintiff filed his response on January 2, 2013.

## **BACKGROUND**

       At the time the plaintiff filed his complaint, he was a pretrial detainee in the Sheriff Al Cannon Detention Center following his May 29, 2011, arrest for discharging a firearm, disorderly conduct, public intoxication, and indecent exposure. The plaintiff is now incarcerated in the Kirkland Reception and Evaluation Center, which is part of the South Carolina Department of Corrections.

       In his complaint, the plaintiff alleges two violations of his constitutional rights. First, he alleges he is a practicing and "certified strict vegan health minister" and that defendants refuse him the opportunity to "associate with other vegans, hold vegan religious

services and minister to other vegans" (comp. at 3).  He also alleges the defendants refuse to allow a particular Catholic priest, Father Ed Lofton, to be added to his visitor list and minister to him and others in the jail.  The plaintiff alleges that his constitutional rights have been violated, and he seeks injunctive relief, money damages, a jury trial, and other relief as the court sees fit, just, and proper (*id.* at 4).

## APPLICABLE LAW AND ANALYSIS

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a court is charged with liberally construing a complaint filed by a pro se litigant to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  The requirement of liberal construction, however, does not mean the court can ignore a clear failure to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Federal Rule of Civil Procedure 12(b)(6) permits a party to move for dismissal if the opposing party fails to state a claim for which relief can be granted.  Federal Rule of Civil Procedure 8(a) sets forth a liberal pleading standard, which requires only a " 'short and plain statement of the claim showing the pleader is entitled to relief,' in order to 'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "To survive a Rule 12(b)(6) motion to dismiss, the facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.' " *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555, 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  Accordingly,

a complaint does not require detailed facts; however, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

In his complaint, the plaintiff identifies defendant Lucas as "Jailer" (comp. 2). As argued by the defendants, the plaintiff makes broad allegations of religious discrimination in his complaint, but he does not state with any specificity how defendant Lucas has individually violated the plaintiff's constitutional rights. "'Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints.'" *Lewis v. Lappin,* No. 3:10cv426, 2011 WL 2414418, at *2 (E.D. Va. June 13, 2011) (quoting *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974)). *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) ("Having failed to allege any personal connection between [the defendant] and any denial of [the plaintiff's] constitutional rights, the action against him must fail."). Furthermore, to the extent the plaintiff seeks to hold defendant Lucas liable in his supervisory capacity, the doctrine of respondeat superior generally is inapplicable to Section 1983 suits. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Vinnedge*, 550 F.2d at 928-29.

Defendant Charleston County argues that the Sheriff is the custodian of the detention center and not the County, and thus it should be dismissed from the case. This court agrees. The plaintiff's claims arise solely from his detention at the Sheriff Al Cannon Detention Center. Pursuant to South Carolina Code Annotated § 24-5-10, the Sheriff is the custodian of the detention center and not the County. Furthermore, "the sheriff and the county are distinct and separate entities in South Carolina and the sheriff's actions or failures to act do not give rise to a section 1983 action against the county." *Patel v. McIntyre*, 667 F.Supp. 1131, 1146 n.26 (D.S.C. 1987) (citing *Allen v. Fidelity & Deposit Co. of Maryland*, 515 F.Supp. 1185, 1189–90 (D.S.C.1981)). In *Grayson v. Peed*, 195 F.3d 692

(4th Cir. 1999), the Fourth Circuit Court of Appeals determined that, where the Sheriff is charged with running the jail, neither the County nor the County Council had any control over the administration of the jail and, therefore, could not be liable under Section 1983 for alleged incidents that occurred at the jail. The court specifically held that "[a]s the county has no control over policy within the jail, it bears no concomitant responsibility." *Grayson*, 195 F.3d at 697–98 (citing *Monell v. Dept. of Social Servs.*, 436 U.S. 658, 694 (1978)). Accordingly, any claim against Charleston County regarding the plaintiff's confinement fails.

Further, the plaintiff has not pled that any practice, policy, or custom of Charleston County created a constitutional violation in this case. "In order to maintain a 42 U.S.C. § 1983 municipal liability claim, a plaintiff must affirmatively establish that the alleged constitutional violation was directly caused by an official practice, policy or custom of the municipality." *Allen v. Aiken County*, C.A. No. 4:08-2474-PMD, 2009 WL 1065406, at *3 (D.S.C. 2009) (citing *Monell*, 436 U.S. at 694). Accordingly, the County should be dismissed on this basis as well.

As noted above, the plaintiff seeks injunctive relief, as well as monetary damages, in his complaint. Specifically, he asks that the defendants be required to allow him to minister to other vegans and to allow Father Ed Lofton to visit him and hold religious services for him. As the plaintiff is no longer held in the Sheriff Al Cannon Detention Center, his request for injunctive relief is moot. *See Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007).

The defendants request that the dismissal of this action count as a strike. This court agrees. When a prisoner has on three or more prior occasions while in confinement brought an action or appeal in federal court that was dismissed because it was frivolous or malicious, or because it failed to state a claim upon which relief may be granted, the prisoner is precluded from bringing another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The plaintiff's complaint

in this instance fails to state a claim for which relief can be granted, thereby qualifying it as a "strike."

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the motion to dismiss for failure to state a claim (doc. 24) should be granted *with prejudice* and should be counted as a strike pursuant to 28 U.S.C. § 1915(g).

IT IS SO RECOMMENDED.


February 20, 2013                                       s/ Kevin F. McDonald
Greenville, South Carolina                              United States Magistrate Judge

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington St, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).